[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12067
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 5, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00500-CV-FTM-29-SPC

BRIAN BEVAN,

Plaintiff-Appellant,

versus

LEE COUNTY SO,
KENNETH ERNE, individually,
MARK DURLING, individually,
HARVEY HUDNALL, individually,
FRED BOND, individually,
RICHARD TRAVIS COWART, individually,
CLAUDIA COWART, individually,
JACKIE COWART, individually,
SOUTHWEST UTILITY SYSTEMS, INC.,
a Florida Corporation, et al.,

Defendants-Appellees,

ROD SHOAP, in his individual capacity and in
his official capacity as Sheriff of Lee County,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(January 5, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Brian Bevan, proceeding *pro se,* appeals the district court's final orders and the jury verdict in his suit against (1) Richard, Claudia, and Jackie Cowart; (2) Southwest Utilities Systems, Inc. ("Southwest") and (3) nine deputies and the Sheriff of the Lee County's Sheriff's Office ("LCSO"). Bevan's complaint alleged a violation of his Fourth Amendment rights under 42 U.S.C. § 1983 based on the removal of his trailer, mailbox, fence, gate, and tropical trees from disputed land. The district court entered summary judgment on his claims against Claudia Cowart, Jackie Cowart, and Southwest. It dismissed his claims against the law enforcement defendants for failure to comply with discover orders. Ultimately, Bevan tried only the Fourth Amendment and assault claims against Richard Cowart. The jury found in favor of Cowart on both claims.

On appeal, Bevan argues that (1) the magistrate judge erred by not recusing herself because she was biased. He also argues that the district court erred by

2

adopting the extreme sanction of dismissing his claims against the law enforcement officers with prejudice, when his failure to comply with discovery requests was not willful and there was no longer a danger of prejudice. Furthermore, he contends that (3) the district court erred in granting summary judgment on the claims against Jackie Cowart, Claudia Cowart, Southwest, and the law enforcement defendants. He argues that (4) there was sufficient evidence to support a finding that Richard Cowart and Claudia Cowart violated the Fourth Amendment and (5) the district court committed plain error by not instructing the jury as to the meaning of "seizure." Finally, Bevan argues that (6) the court erred in allowing the jury alternate and a juror whom taught criminal justice to participate in the deliberations and verdict.

I.

Bevan first argues that the magistrate judge erred in not recusing herself because (1) her rulings showed a pattern of harassment; and (2) she was biased because "she knew about his intention to reveal her criminal activities." We review the denial of a motion for recusal for abuse of discretion. *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999)(per curiam). Under this standard, we affirm a judge's refusal to recuse herself unless we "conclude that the impropriety is clear and one which would be recognized by all objective, reasonable persons."

3

*Id.* Recusal is necessary when a judge's "impartiality might reasonably be questioned." 28 U.S.C. 455(a). When a judge's challenged actions "consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses," these actions do not require recusal absent a showing of unequivocal antagonism or the judge's reliance on knowledge acquired outside the proceedings. *Liteky v. United States*, 510 U.S. 540, 556, 114 S. Ct. 1147, 1158, 127 L. Ed. 2d 474 (1994).

Here, the magistrate judge did not abuse her discretion by failing to recuse herself because Bevan failed to establish that the magistrate judge had any personal bias. There is no evidence that the magistrate judge knew of his attempts to expose alleged criminal activity, or that such knowledge had any affect on her rulings. The only challenged actions were recommendations and rulings made in the course of judicial proceedings, and there was nothing in the magistrate judge's report to cause an objective observer to doubt the judge's impartiality. *See United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)(explaining the standard of review).

## II.

Bevan also appeals the district court's dismissal of his complaint against the law enforcement defendants, arguing that he did not willfully disregard discovery orders and any prejudice that resulted from his failure to comply was cured before

4

the district court entered its order.   The district court has broad discretion to impose sanctions under Fed. R. Civ. P. 37, and we review only for an abuse of discretion.  *United States v. Certain Real Property Located at Route 1, Bryant, Ala*, 126 F.3d 1314, 1317 (11th Cir. 1997).  Still, the dismissal of a claim should be used only when "noncompliance with discovery orders is due to willful or bad faith disregard for those orders."  *Id.*

Here, the district court did not abuse its discretion in finding Bevan's noncompliance was willful or the result of bad faith.  Bevan failed to file responses to interrogatories until after the magistrate judge recommended dismissing his complaint, and even then, the responses were inadequate.  Bevan refused to answer basic questions including requests to describe in detail how the April 31, 1999 incident happened, describe in detail each act or omission on the part of the each individual defendant that constituted a violation of his civil rights, and provide the factual basis for his claims.  By failing to provide the factual basis for his claims, Bevan prevented law enforcement defendants from obtaining information essential to preparing their defense.

Bevan's failure to answer was willful given he had access to the necessary information and still failed to timely respond.  Although Bevan now claims he was unable to obtain documents necessary to answer due to his former attorney, he

never made such a claim before the magistrate judge recommended dismissal. Furthermore, Bevan admits that the defendants could have gotten their answers by deposing him, demonstrating that he had the needed information.

The court warned Bevan that he would be required to comply with court rules despite his *pro se* status, and Bevan still willfully refused to comply with discovery orders even though he was able to do so. The district court, then, did not abuse its discretion in dismissing the complaint against the law enforcement defendants.

III.

Next, Bevan challenges the grant of summary judgment in favor of Claudia Cowart, Jackie Cowart, and Southwest. He also challenges the order of summary judgment in favor of the law enforcement officers based on sovereign immunity; however we need not address this claim because the dismissal of the complaint against them was proper under Fed. R. Civ. P. 37. We review grants of summary judgment *de novo*. *Mercado v. Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* At this stage, the facts are viewed in the light most favorable to the non-moving party, Bevan. *Id.*

The district court did not err in granting summary judgment to Jackie

6

Cowart and Claudia Cowart. Bevan produced no evidence that Jackie was involved in Richard Cowart's removal of Bevan's trailer, gate, tropical trees, mailbox, or fence. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (holding that a § 1983 claim requires proof of an affirmative causal connection between the defendant's act and the alleged constitutional deprivation). Similarly, he produced no evidence that Claudia was present when Bevan's trailer was removed or that she instructed anyone to remove the trailer. Because Bevan produced no evidence linking Jackie or Claudia to his alleged constitutional deprivation, there was no disputed issue of fact and summary judgment was appropriate.

Because Robert and Claudia Cowart were joint owners of Southwest and its equipment was used in the destruction of Bevan's property, Bevan asserted a Fourth Amendment claim against the company based on respondeat superior. The district court properly granted summary judgment on these claims because an employer cannot be held liable under § 1983 for its employees' actions under a theory of respondeat superior or vicarious liability. *Harvey v. Harvey*, 949 F.2d 1127, 1129 (11th Cir. 1992).

IV.

Bevan argues that the district court erred in not finding Richard and Claudia

Cowart liable under the decision in *Soldal v. Cook County*, 506 U.S. 56, 113 S. Ct. 538, 121 L. Ed. 2d 450 (1992). Given this decision, he argues that there was enough evidence to support a finding in his favor. Because the district court properly granted summary judgment on the claims against Claudia Cowart, we address this argument only as it pertains to Richard Cowart. The question on review, however, is not whether there was enough evidence to hold Cowart liable, but rather was there enough evidence to support the jury verdict. "We will not second-guess the jury or substitute our judgment for its judgment if its verdict is supported by sufficient evidence." *Gupta v. Florida Bd. Of Regents*, 212 F.3d 571, 582 (11th Cir. 2000). When, as here, the movant has failed to move for a directed verdict at the close of evidence, our review is limited to plain error. *Little v. Bankers Life & Cas. Co.*, 426 F.2d 509, 511 (5th Cir. 1970).

To prevail in his § 1983 claim, Bevan needed to show that he was deprived of a federal right by a person acting under the color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In order for Cowart, a private party, to be considered a "state actor," one of three conditions must be met: (1) the state has coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private party performed a public function that was traditionally the exclusive prerogative of the state (public

8

function test); or (3) the state had so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise (nexus/joint action test). *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). The mere presence of officers to keep the peace does not constitute state action. *See Cofield v. Randolph County Comm*., 90 F.3d 468, 472 (11th Cir. 1996).

Here, the evidence supports that Richard Cowart was not acting under the color of state law when he removed the trailer from the disputed land. The evidence showed that only Cowart and his employees removed chattels from the disputed land. Law enforcement did not participate in the removal and stated several times that they were present only to keep the peace. The evidence also supported a finding that the Sheriff's Office contacted a hauling company to remove the trailer only after it had left private property and was blocking the right of way. Finally, this case is distinguishable from *Soldal*. In *Soldal,* officers prevented Soldad from using reasonable force to protect his home against an eviction the officers knew was illegal. 506 U.S. at 60. Here, Cowart told officers he had a court order allowing him to take action. Thus, the officers were not enabling clearly unlawful actions. Given the evidence, the jury did not plainly err in failing to hold Cowart liable under the Fourth Amendment.

9

V.

Bevan contends that the district court never instructed the jury on the meaning of "seizure" and erred by not including a reference to *Soldal v. Cook County*. Bevan raised this issue at trial by requesting the instruction. "We review jury instructions *de novo* to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party." *Palmer v. Bd. of Regents of Univ. Sys. of Ga.*, 208 F.3d 969, 973 (11th Cir. 2000).

Bevan's arguments are without merit since the district court explained the term "seizure" after closing arguments and there was no error in its instruction. The court instructed the jury that a seizure occurs when "there is some meaningful interference with an individual's possessory interest in personal property." The court further explained that a seizure violates the Fourth Amendment only if it is unreasonable under all the facts and circumstances, and the seizure occurred under color of state law. The court noted that "[a]cts of private citizens may be considered to have been done under color of state law where the action of the Sheriff's deputies constituted more than mere presence to keep the peace, and the defendant acted as a willful participant, in joint activity with the Sheriff's deputies in the unlawful action." The court is not required to reference particular cases and this instruction does not misstate the law or mislead the jury. Thus, we can find no

10

reversible error in the jury instructions given.

## VI.

Finally, Bevan argues that the district court erred in denying his motion for new trial because an alternate juror and a criminal justice teacher participated in jury deliberations and the verdict. We lack the subject matter jurisdiction to consider these claims because a final order was not issued before Bevan made his appeal. We are obligated to inquire into subject-matter jurisdiction whenever it may be lacking. *Chacon-Botero v. United States Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005) (per curiam). We review *de novo* whether we have subject-matter jurisdiction. *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002). An appeal from a final judgment brings up for review all preceding non-final orders. *See e.g., Kirkland v. Nat'l Mortgage Network, Inc.*, 884 F.2d 1367, 1370 (11th Cir. 1989). Conversely, an appeal does not bring up for review any final orders that were entered subsequent to the filing of the notice of appeal. *See LaChance v. Duffy's Draft House*, 146 F.3d 832, 838 (11th Cir. 1998). After the district court denied his motion for new trial, Bevan did not file an additional notice of appeal or amend his previous notice. Further he did not file his brief indicating his desire to appeal these issues within 30 days of the district court's order. Accordingly, we lack jurisdiction to consider these claims.

VII.

After careful review of the parties' arguments and the record, we dismiss Bevan's appeal of the district court's denial of his motion for a new trial, and we find no reversible error in the district court's other orders. Furthermore, there was sufficient evidence to support the jury's verdict. Therefore we dismiss in part and affirm in part.[1]

DISMISSED IN PART, AFFIRMED IN PART.

---

[1]Appellant's motion to file an addendum to the record excerpts is granted.