[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14668
Non-Argument Calendar

_____

D. C. Docket No. 03-00500-CV-FTM-29-SPC

BRIAN BEVAN,

Plaintiff-Appellant,

versus

LEE COUNTY SO,
KENNETH ERNE, individually,
MARK DURLING, individually,
HARVEY HUDNALL, individually,
FRED BOND, individually, et al.,

Defendants-Appellees,

ROD SHOAP, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 15, 2007)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Brian Bevan, proceeding *pro se*, appeals the district court's order granting defendants Claudia and Jackie Cowart's motion for attorney's fees, and its order denying Bevan's motion for reconsideration and motion to rescind the order for attorney's fees. Bevan argues that the Magistrate Judge erred in the award by refusing to recuse herself, because the Cowarts' attorney committed a fraud on the court, and by finding Bevan's suit against Claudia and Jackie Cowart frivolous.

Bevan filed a 42 U.S.C. § 1983 complaint, asserting that Claudia and Jackie Cowart, among other defendants, had deprived him of his property without just compensation in violation of his Fourth, Fifth, and Fourteenth Amendment rights. Claudia and Jackie Cowart were granted summary judgment, and the suit proceeded to trial against another defendant. Claudia and Jackie Cowart moved for costs, attorney's fees, and attorney sanctions which was granted in part by the district court. The district court awarded (1) $1,563 in attorney's fees to Jackie Cowart, (2) $48,042 in attorney's fees to Claudia Cowart, and (3) taxable costs in the amount of $402 to prevailing parties– Jackie, Claudia, and Richard Cowart.

We review an award of attorney's fees and costs for an abuse of discretion. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1304 (11th Cir. 2001). Section 1988(b) of Title 42 authorizes the district court, in its discretion, to award

2

attorney's fees to the prevailing party in a civil rights action under 42 U.S.C. § 1983. Moreover, costs other than attorney's fees "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).

First, Bevan argues that there was error in the magistrate judge's refusal to recuse herself. Bevan previously made a motion for recusal of the magistrate judge, which he appealed to this court, and we are bound by our previous decision in this case. *See Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1285-86 (11th Cir. 2004). Specifically we held that the magistrate judge did not abuse her discretion in failing to recuse herself. *See Bevan v. Lee County SO*, No. 06-12067, slip op. at 3-4 (11th Cir. Jan 15, 2007) (per curiam). Further, Bevan does not indicate how the magistrate's alleged bias affected the district court's awarding of attorney's fees to Claudia and Jackie Cowart where the magistrate was not involved in the determination of attorney's fees.

Second, Bevan's claim that the Cowarts' attorney committed a fraud on the court is without merit. A federal court can vacate its own judgment upon proof that a fraud has been perpetrated on the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991). Generally, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338

3

(5th Cir. 1978). To obtain relief of judgment for fraud on the court, "the fraud must be established by clear and convincing evidence." *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987). Bevan has not established that the attorney engaged in egregious misconduct by clear and convincing evidence.

Finally, the district court did not abuse its discretion in deciding that Bevan's claim against Claudia and Jackie Cowart was frivolous. Under § 1988, a prevailing defendant is entitled to recover attorney's fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978). In determining whether a suit is frivolous, the following factors should be considered: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985) (applying these factors to a Title VII discrimination claim and § 1983 due process claim). Typically, cases that are frivolous have been dismissed before trial, on summary judgment or on a motion to dismiss. *Id.*

Under the first prong of the *Sullivan* test, Bevan did not establish a prima facie case against Jackie and Claudia Cowart as to any of the claims in his amended complaint, including (1) destruction of property; (2) unlawful seizure; (3)

4

negligence; (4) violation of 42 U.S.C. § 1983; or (5) destruction of evidence. Neither Jackie nor Claudia Cowart were present when Bevan alleges that he was assaulted and his property was illegally seized. Bevan was unable to show the required causal connection between Claudia and Jackie Cowart's actions and the alleged constitutional deprivation. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (holding that a § 1983 claim requires proof of an affirmative causal connection between the defendant's act and the alleged constitutional deprivation). Under the second prong, the Cowarts made no offer to settle. If the Cowarts had believed that Bevan's claims had merit, they might have tried to reach a settlement. Finally, under the third prong, the cases against both Claudia and Jackie Cowart were dismissed at the summary judgment stage. Accordingly, the district court did not abuse its discretion in finding that Bevan brought a frivolous case against Claudia and Jackie Cowart.

Accordingly, after reviewing parties' arguments and the record on appeal, we discern no reversible error, and we affirm the district court's award of attorney's fees to Claudia and Jackie Cowart.

**AFFIRMED.**